*686 MEMORANDUM *
Michael Ruhe and Vicente Catala appeal the district court’s order vacating an arbitration award against Masimo Corporation. We have jurisdiction pursuant to 9 U.S.C. § 16(a)(1)(E), and we reverse.
The district court erred in holding that the arbitrator exhibited “evident partiality.” 9 U.S.C. § 10(a)(2). Masimo did not establish that the arbitrator “failed to disclose to the parties information that creates ‘[a] reasonable impression of bias.’ ” Lagstein v. Certain Underwriters at Lloyd’s, London, 607 F.3d 634, 646 (9th Cir.2010) (alteration in original) (quoting Woods v. Saturn Distribution Corp., 78 F.3d 424, 427 (9th Cir.1996)). As the arbitrator noted, Masimo “furnish[ed] no coherent explanation” as to how his brother’s litigation practice or his role in a SIDS foundation “would cause a person reasonably to doubt [his] impartiality in this case.” Nor did Masimo “establish specific facts indicating actual bias.” Id. at 645-46. Although the arbitrator committed an error in applying Third Circuit instead of California law as to' punitive damages, that was not the central basis for the punitive damages award. Moreover, that error did not rise to the level of “affirmative misconduct” or “irrationality].” Douglas v. U.S. Dist. Court for Cent. Dist. of Cal, 495 F.3d 1062, 1068 (9th Cir.2007) (per curiam) (alteration in original) (quoting Kyocera Corp. v. Prudential-Bache Trade Servs., Inc., 341 F.3d 987, 998 (9th Cir.2003) (en banc)).
For the same reason, Masimo’s remaining challenges to the arbitration award are unavailing.[1] The arbitrator’s rulings, even if erroneous, did not “exceed his powers” or rise to the level of manifest disregard of the láw. Biller v. Toyota Motor Corp., 668 F.3d 655, 665 (9th Cir.2012) (“[Arbitrators exceed their powers ... not when they merely interpret or apply the governing law incorrectly, but when the award is completely irrational — ” (citation omitted)); Collins v. D.R. Horton, Inc., 505 F.3d 874, 879 (9th Cir.2007) (“The manifest disregard exception requires ‘something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand and apply the law.)’ ” (quoting San Martine Compania De Navegacion, S. A. v. Saguenay Terminals Ltd., 293 F.2d 796, 801 (9th Cir.1961)). Accordingly, on remand, the district court is directed to issue an order confirming the arbitration award in its entirety.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The concurrence argues that the amount of the punitive damages award — sixteen times the compensatory damages award — raises due process concerns. However, neither party raised this issue on appeal, and, therefore, it was waived. Moreover, the Supreme Court has recognized that "low awards of compensatory damages may properly support a higher ratio” of punitive to actual damages. BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 582, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). That is especially true where, as here, the low award of compensatory damages reflects the plaintiffs’ successful efforts to mitigate their damages, and not the reprehensibility of the defendants’ conduct.